# NO. 12-15-00046-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR THE* | § | *APPEAL FROM THE* |
| *BEST INTEREST AND PROTECTION* | § | *COUNTY COURT AT LAW* |
| *OF T. M.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

T.M. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. In one issue, T.M. asserts the evidence is legally insufficient to support the trial court's order. We affirm.

## BACKGROUND

On February 5, 2015, Larry Hawkins, M.D. signed an application for an order to administer psychoactive medication-forensic to T.M. In the application, Hawkins stated that T.M. was subject to an order for inpatient mental health services issued under Chapter 46C (not guilty by reason of insanity) of the Texas Code of Criminal Procedure. He stated further that T.M. had been diagnosed with schizoaffective disorder and requested the trial court to compel T.M. to take psychoactive medications including antidepressants, anxoilytic/sedative/hypnotics, antipsychotics, and mood stabilizers. According to Hawkins, T.M. verbally refused to take the medications. Hawkins stated further that, in his opinion, T.M. lacked the capacity to make a decision regarding administration of psychoactive medications because he denies that he has any mental illness and cannot weigh the risks versus the benefits of psychoactive medications. Hawkins concluded that these medications were the proper course of treatment for T.M. and that, if he were treated with the medications, his prognosis would be good, he should improve, and his symptoms would be kept in remission. Hawkins believed that, if T.M. were not administered these medications, he might harm himself or others. Hawkins considered other medical

alternatives to psychoactive medication, but determined that those alternatives would not be as effective. He believed the benefits of the psychoactive medications outweighed the risks in relation to present medical treatment and T.M.'s best interest. Hawkins also considered less intrusive treatments likely to secure T.M.'s agreement to take psychoactive medication.

The trial court held a hearing on the application. At the close of the evidence, the trial court granted the application. After considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the trial court found that treatment with the proposed medication was in T.M.'s best interest and that T.M. lacked the capacity to make a decision regarding administration of the medication. The trial court authorized the Department to administer psychoactive medications to T.M., including antidepressants, antipsychotics, mood stabilizers, and anxiolytics/sedatives/hypnotics. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, T.M. argues that the evidence is legally insufficient to support the trial court's order to administer psychoactive medication-forensics. More specifically, T.M. contends that the State failed to prove, by clear and convincing evidence, that he lacked the capacity to make a decision regarding administration of medication.

## Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all evidence that a reasonable fact finder could have disbelieved or found incredible. *Id.* This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id.*

The appropriate standard for reviewing a factual sufficiency challenge is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In determining

2

whether the fact finder has met this standard, we consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *Id.* at 27-29. Further, we must consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id.*

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a-1). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). "Capacity" means a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.101(1) (West 2010).

In making its findings, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if the patient is treated with psychoactive medication, (6) alternative, less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2010).

3

**Analysis**

At trial, Hawkins testified that he did not believe T.M. could weigh the risks versus the benefits of medications or make a rational and informed decision because he did not want to grasp the concept that he has a mental illness. He also testified that T.M. has a history of mental health disorders, had been treated at the hospital two and one-half years ago, and had been hospitalized twice in the last six months in Harris County. According to Hawkins, T.M. had recently been hospitalized as a result of psychosis and possibly manic symptoms, failed to stay at a group home or take medications as ordered by a court, and believed that his sister's stuffed animals and trophies were idols and invoked evil spirits. Hawkins believed that even though T.M. showed no recent aggression, he could be a danger to himself or others.

T.M. expressed his concern about taking psychoactive medications because of his history of side effects including weight gain, a sluggish feeling in his body, upset stomach, constipation, irregular heart palpitations, a clouded sense of cognitive thinking, and akathisia, i.e., a feeling of uneasiness and restlessness in his legs. The trial court is not required to defer to T.M.'s preferences, but must consider them. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b). Here, the trial court considered T.M.'s side effects in granting the Department's application by requesting that Hawkins work with T.M. in order to find the appropriate medication and level of dosage. From Hawkins's testimony, it is apparent that he was unaware of T.M.'s previous side effects, and said that he would take into account T.M.'s past experiences when these medications are prescribed in the future. *See **In re E.K.**, No. 12-06-00407-CV, 2007 WL 1492104, at *4 (Tex. App.—Tyler May 23, 2007, no pet.) (mem. op.); **In re D.H.**, No. 12-04-00181-CV, 2004 WL 2820896, at *4 (Tex. App.—Tyler Dec. 8, 2004, no pet.) (mem. op.).

Further, T.M. had religious objections to taking psychoactive medications. He stated that he was a practicing Roman Catholic Christian, and testified that in a letter in the New Testament, Paul warned against sorcery. According to T.M., the ancient Greek word for sorcery is pharmakeia, which translates into the modern word for pharmacy, i.e., the administration of medication. Hawkins testified that T.M.'s belief system became exaggerated when he was psychotic. He said that T.M.'s beliefs bordered on delusions, were not consistent, and did not follow the tenets of any particular faith. Again, the trial court is not required to defer to T.M.'s beliefs, but must consider them. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(b).

4

Considering all the evidence in the light most favorable to the findings, we conclude a reasonable trier of fact could have formed a firm belief or conviction that T.M. lacked the capacity to make a decision regarding administration of the proposed medications and that treatment with the proposed medications was in his best interest. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1); *In re J .F.C.*, 96 S.W.3d at 266. Therefore, the evidence is legally sufficient to support the trial court's order. *See In re J.F.C.*, 96 S.W.3d at 266. Accordingly, we overrule T.M.'s sole issue.

### DISPOSITION

Having overruled T.M.'s sole issue, we *affirm* the trial court's order.

BRIAN HOYLE
Justice

Opinion delivered May 29, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 29, 2015

NO. 12-15-00046-CV

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF T. M.**

Appeal from the County Court at Law

of Cherokee County, Texas (Tr.Ct.No. 41,349)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*